EDWARD J. CLEARY v. DAKOTA PACKING COMPANY.

June 9, 1899.

Nos. 11,623—(126).

Personal Injury—Contributory Negligence—Evidence.

> In an action to recover damages for personal injuries, *held*, that the evidence conclusively showed that the plaintiff was guilty of contributory negligence, adhering to the opinion on the former appeal (71 Minn. 150).

Action in the district court for Dakota county to recover $5,000 damages for personal injuries. The case was tried before Crosby, J.; who directed a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*P. H. O'Keefe* and *J. P. Kyle*, for appellant.

*Morton Barrows*, for respondent.

MITCHELL, J.[1]

When this case was here on defendant's appeal (71 Minn. 150, 73 N. W. 717, 1099), we held that the evidence conclusively established plaintiff's contributory negligence, and therefore reversed and remanded the case, with directions to the court below to render judgment for the defendant, notwithstanding the verdict. Subsequently we modified this direction by merely ordering a new trial, instead of directing judgment for the defendant. This modification was made, not because of any change of opinion as to the force and effect of the evidence, but because the defendant had not brought itself strictly within the provisions of Laws 1895, c. 320.

Upon the second trial the court, at the close of the evidence, directed a verdict for the defendant, presumably on the ground that

[1] BUCK, J., absent, took no part.

it conclusively appeared that the plaintiff was guilty of contributory negligence. We have compared the evidence bearing on that issue on the first appeal with the evidence on this appeal, and find that it is in all respects essentially and substantially the same, except that on the first appeal it appeared that the signal by rapping with a hog hook upon the iron rod running along the side of the machine had been discontinued for the preceding five weeks, and the man whose duty it was to start the machine would do so without waiting for a signal, as soon as he saw the man whose duty it was to unhook the hogs jump down from the scraping bench; while on the present appeal there is evidence tending to prove that the former signal by rapping was sometimes given during those five weeks, although generally not. There is nothing in this which at all destroys or affects the conclusiveness of the evidence. The fact remains that the plaintiff placed his foot in a place of danger without taking any precautions for his safety by notifying or requesting any one else to notify the man at the lever, who was at the other end of the machine, where he could not see either the plaintiff or the foreman. The facts and the grounds of our decision were fully stated in the opinion on the former appeal, and need not be repeated. Without invoking the doctrine of the "law of the case," and treating the question as res nova, we are still of opinion that the evidence is conclusive that the plaintiff was guilty of contributory negligence.

Order affirmed.